## Case No. 4,552.

### In re EVANS.

[3 N. B. R. 261 (Quarto, 62).][1]

District Court, W. D. Texas. 1869.

DUVAL, District Judge. The question certified to me for decision in this case, arises upon a difference of opinion between a creditor and the assignee of the bankrupt. From an agreed statement of facts between the creditors' attorney and the assignee, it appears that on the 24th December, 1868, the bankrupt being on the eve of going into bankruptcy, and having but a few days in which to prepare his petition and schedule, and file the same in the court at Austin, prior to the 1st January, 1869, employed Messrs. Strickland & Evans, attorneys at law, to perform the service, and agreed to pay them five hundred dollars, for which amount he executed his note, and, to secure the payment of the same, gave a mortgage on nearly all the property, real and personal, named in his schedules. Under this state of facts, and in view of the law applicable to them, the assignee, J. H. Hutchins, Esq., regarding the mortgage as a nullity, refused to consider the claim as a secured one, but approved and registered the same as an unsecured debt against the estate of the bankrupt. A short time subsequently, he amended his action in the premises, and rejected the claim in toto.

While it is apparent that no actual fraud was intended in this transaction by either the bankrupt or his attorneys, there can be no doubt, I think, that the mortgage in question was made contrary to the provisions of the 35th section of the bankrupt act, relating to sales, transfers, assignments, etc., made by a bankrupt four and six months before the filing of the petition by him. The mortgage was, therefore, technically a fraud upon the act, as being in contravention of those provisions, and I think the assignee did right in holding it to be a nullity. A bankrupt can no more execute a conveyance, declared by this law to be null and void, in order to secure a fee to his lawyer, than to secure the claim of any other creditor. The claim of a lawyer for professional services rendered the bankrupt, no matter how meritorious or necessary such services may have been, is not a preferred one. It stands like a claim of any other creditor, and cannot be secured by a conveyance which the law denounces as a nullity. I think, however, the assignee has gone too far in rejecting the claim entirely. He seems to have been influenced to this course by the last clause of section 39. This clause prohibits a creditor, under certain circumstances, from proving his debt in bankruptcy, and I suppose the assignee regarded those circumstances as existing in the present case. But this whole section has reference solely to proceedings in involuntary bankruptcy, and its provisions are applicable only to persons adjudged bankrupt on the petition of one or more of their creditors. I do not think that the prohibition contained in this section against certain creditors proving their debts can be justly applied to the creditors in this case. Upon the whole, my opinion is that the claim of the creditors, Strickland & Evans, should be allowed by the assignee as an unsecured debt, and that the same is entitled to be paid out of the assets of the bankrupt as any other debt of that character.

---

[1] [Reprinted by permission.]